UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SIERRA KILPATRICK and JONATHAN KILPATRICK.,** | }<br>}<br>} |
| **Plaintiffs,** | }<br>} **Case No.: 2:24-cv-00386-RDP** |
| v. | }<br>} |
| **FELICIA TESTANI, et.al.,** | }<br>}<br>} |
| **Defendants.** | } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiffs Sierra Kilpatrick and Jonathan Kilpatrick's Second Motion to Remand. (Doc. # 5). The Motion has been briefed and is ripe for review. (Docs. # 7, 8). For the reasons discussed below, the Motion (Doc. # 5) is due to be granted.

**I.      Factual Background**

On May 2, 2023, Plaintiffs Sierra Kilpatrick and Jonathan Kilpatrick filed this case against Defendant Felicia Testani (and various fictitious defendants) in the Bessemer Division of the Jefferson County Circuit Court. (Doc. # 1-1 at 5-11). The case arises from an automobile accident in which the vehicle that Defendant Testani was driving allegedly entered the adjacent lane, caused a commercial vehicle that was traveling in that adjacent lane to enter the lane in which the Kilpatricks were travelling in their vehicle, and ran the Kilpatricks' vehicle off the road. (Doc. # 1-1 at 8). In the Complaint, the Kilpatricks assert claims of negligence, wantonness, and loss of consortium. (Doc. #1-1 at 8-11).

On June 16, 2023, Defendant Testani first removed the case to this court based on complete diversity of citizenship between the parties and asserting that it was "facially apparent" from the

Kilpatricks' Complaint that there was complete diversity and that the amount in controversy exceeds $75,000. (Case No. 2:23-cv-00794-NAD, Doc. # 1). On November 3, 2023, Judge Danella granted the Kilpatricks' Motion to Remand. (Case No. 2:23-cv-00794-NAD, Docs. # 17, 18). Judge Danella reasoned that "it is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." (Case No. 2:23-cv-00794-NAD, Docs. # 17 at 9). He further explained that "the evidence of approximately $6,000 in medical expenses and the $36,000 pre-suit settlement offer from Testani's insurance provider," together with "the Kilpatricks' non-specific $450,000 settlement demand, and their refusal to disclaim damages over $74,999.99), is insufficient for Testani to prove that the amount in controversy more likely than not exceeds the jurisdictional minimum." (*Id* at 17).

Following remand, on February 14, 2024, Defendant Testani made a "global settlement offer" of $75,000 to both Kilpatricks that did not apportion damages and that would lapse after 15 days. (Doc. # 1-6). On February 26, 2024, Plaintiffs' counsel wrote to Defendant's counsel and stated that Plaintiffs "would like to proceed with discovery before continuing settlement discussions." (Doc. # 1-3). By its terms, Defendant's global offer of settlement lapsed on February 29, 2024. (Doc. # 1-6). On March 1, 2024, Sierra Kilpatrick testified in her deposition that she had rejected an offer for $75,000 that week. (Doc. # 1-4 at 8).

On March 28, 2024, Defendant re-removed this case. (Doc. # 1). As a basis for establishing the requisite jurisdiction amount, Defendant asserts that Plaintiffs rejected Defendant's $75,000.00 offer to settle in (1) their counsel's February 26, 2024 email responding to Defendant's counsel follow up on the February 14, 2024 settlement offer (Doc. # 1-3), and (2) in Sierra Kilpatrick's March 1 deposition testimony where she testified that she had rejected a $75,000 offer that week. (Doc. # 1-4 at 8).

2

**II.     Legal Standard**

Federal courts are courts of limited rather than general jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Under 28 U.S.C. § 1332, a federal district court has diversity jurisdiction over an action when the parties are completely diverse in citizenship and when the amount in controversy exceeds $75,000, exclusive of interests and costs. Initially, removal is only proper when it is "facially apparent" from the complaint that the parties' amount in controversy exceeds $75,000. *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1331 (M.D. Ala. 2007) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

Upon re-removal, §1446(b)(3) applies. Section 1446(b)(3) provides in pertinent part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of ... other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b)(3). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" so that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see also Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (citation omitted) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

Where a case is removed from state court to federal court, "[t]he removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). And, in the context of a motion for remand, the party opposing remand has the burden of establishing that removal was proper. *See Triggs v. John Crump Toyota*,

*Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998). When damages are uncertain, "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that when a complaint does not establish that the amount in controversy exceeds $75,000, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement").

### III.   Discussion

Defendant's removal is based on the implications of Plaintiffs' rejection of Defendant's $75,000 settlement offer. (Doc. # 7).

#### A.   Rejection of Defendant's Settlement Offer

Defendant argues that Plaintiffs' rejection of her $75,000 settlement offer "unambiguously" shows that the amount in controversy is more than $75,000. (Doc. # 7 at 6, 8). But "Defendants' reliance on Plaintiff's rejection of the $75,001 settlement offer as dispositive of the amount in controversy requirement requires speculation." *Pintos v. Martinez*, 2023 WL 5955643, at *2 (S.D. Fla. Aug. 7, 2023), *report and recommendation adopted*, 2023 WL 6462106 (S.D. Fla. Oct. 4, 2023). A defendant "may not resort to conjecture or speculation to show that the jurisdictional threshold is satisfied." *Grow v. Transamerica Life Ins. Co.*, 2020 WL 1646190, at *4 (S.D. Ala. Mar. 6, 2020), *report and recommendation adopted*, No. 02-CV-2018-902419.00, 2020 WL 1644984 (S.D. Ala. Apr. 2, 2020) (citing *Crocker v. Lifesouth Community Blood Centers, Inc.*, 2016 WL 740296, at *2 (S.D. Ala. Feb. 23, 2016) (in turn citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010))).

Plaintiffs did not give a reason for the rejection of the settlement offer. "Since th[is] removal is based on the receipt of 'other paper,' as alleged in this removal petition, Defendant must show that the 'other paper' contains a statement that 'unambiguously establish[es]' that it is more likely than not that the amount at stake may exceed the jurisdictional minimum." *Grow*, 2020 WL 1646190 at *4 (citing *Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co.*, 2014 WL 1764483, at *5 (S.D. Ala. May 5, 2014)). But '[a]dopting Defendants' settlement offer argument would require the [c]ourt to make an inferential leap to arrive at the conclusion that the amount in controversy exceeds $75,000." *Pintos*, 2023 WL 5955643 at *2. The court agrees with the courts in *Pintos* and *Grow* that such speculation "does not meet [Defendant's] preponderance of the evidence [burden] previously articulated by the Eleventh Circuit." *Pintos*, 2023 WL 5955643 at *2; *Grow*, 2020 WL 1646190 at *4.

Because Defendant has essentially presented no more evidence regarding the amount in controversy than was before Judge Danella upon Defendant's first removal, like Judge Danella, this court concludes that "the court cannot engage in 'impermissible speculation' to find that the amount in controversy exceeds the jurisdictional requirement." (Case No. 2:23-cv-00794-NAD, Doc. # 17 at 8 (citing *Pretka*, 608 F.3d at 752-54 (in turn quoting *Lowery*, 483 F.3d at 1220))). Speculation cannot satisfy Defendant's burden of establishing the amount in controversy by a preponderance of the evidence.

### B. Plaintiffs' Refusal to Stipulate

Defendant also argues that Plaintiffs' refusal to stipulate that they would not accept any award of damages in excess of $75,000 is a substantial factor weighing against remand. The court disagrees. A refusal to stipulate to an award of damages below the jurisdictional amount does not necessarily weigh against remand. "There are several reasons why a plaintiff would not so

5

stipulate, and a refusal to stipulate standing alone does not satisfy [Defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001); *see also Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1367 (S.D. Ala. 2018) (collecting cases finding that a plaintiff's denial to stipulate to the amount in controversy is insufficient evidence to support removal jurisdiction on a diversity theory). Therefore, the court finds that Plaintiffs' refusal to stipulate that they would not accept any award of damages in excess of $75,000 does not weigh against remand.

### C. Attorney's Fees

Plaintiffs also seek an award of attorney's fees and costs based on Defendant's second improper removal. (Doc. # 5 at 13-14). "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021) (quoting *Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006)). Although the court concludes that Plaintiffs' refusal of Defendant's $75,000 settlement offer does not satisfy the burden of establishing the amount in controversy by a preponderance of the evidence, the court declines to award fees and costs for at least two reasons. First, Defendant has cited at least one case from this District which reached a different conclusion. (Doc. # 8 at 4 (citing *Creacy v. Belk, Inc.*, 2008 WL 11379966 (N.D. Ala. June 26, 2008)). Second, although the court does not believe Defendant has proven by a preponderance of the evidence that the amount in controversy requirement is met, the court cannot say there is not some gamesmanship at play here. The conduct of Plaintiffs and their attorney raises substantial questions about (1) whether there is indeed an intent to seek more than this court's requisite amount in controversy, *see* 28 U.S.C. § 1446(c)(1), but (2) that intent is being disguised until after the one year deadline for

removal passes. To be clear, the court does not (and cannot) assume that is what is occurring here. After all, Plaintiffs' counsel has a duty of candor in these matters. But, if in this case (or any other) this type of gamesmanship becomes evident, the court will not hesitate to entertain a removal petition based on a showing that a plaintiff has acted in bad faith. *Id*. The court is also confident that its state court colleagues can review any concerns in this area.

### IV.	Conclusion

In the event that doubts exist as to the amount in controversy, the court is "obligated to strictly construe the statutory grant of diversity jurisdiction" and resolve all doubts in favor of remand. *Univ. of S. Ala.*, 168 F.3d at 411; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For the reasons stated above, such doubts remain. Therefore, the court finds that it lacks subject matter jurisdiction over the claims in this case. A separate order will be entered remanding this case to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this July 23, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE